```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 7

ONLINE DIAMONDS INTERNATIONAL CORP.,                                Case No.: 19-12042 (SMB)
d/b/a ENCHANTED DIAMONDS, d/b/a
ENCHANTEDDIAMONDS.COM,

                        Debtor.
-----------------------------------------------------------------x
```

## STIPULATION AND ORDER BETWEEN
## THE CHAPTER 7 TRUSTEE AND REALTIES 1430

WHEREAS, on June 20, 2019 ("Petition Date"), Online Diamonds International Corp., d/b/a Enchanted Diamonds, d/b/a Enchanteddiamonds.com ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court");

WHEREAS, Salvatore LaMonica is the Chapter 7 Trustee of the Debtor's estate ("Trustee");

WHEREAS, as of the Petition Date, the Debtor was party to a lease agreement ("Lease") with Realties 1430 ("Landlord") for the premises located at 1430 Broadway, Suite 1508, New York, New York ("Premises");

WHEREAS, the Landlord is holding a pre-petition security deposit from the Debtor in the amount of $21,869.93 ("Security Deposit");

WHEREAS, the Landlord asserts that it is owed post-petition Lease charges from the Petition Date in the monthly base amount of $5,630.88, plus other pre and post-petition fees and charges due per the terms of the Lease, all of which as of August 1, 2019 totaled $21,715.44 ("Arrears"), and which continues to accrue; and

WHEREAS, the Trustee and the Landlord (together, "Parties"), without admitting liability of any kind, have agreed to resolve all disputes with respect to the Arrears and the Security Deposit on the terms and subject to the conditions set forth in this stipulation ("Stipulation").

NOW THEREFORE, for good and valuable consideration, it is hereby stipulated to, consented to and agreed by and between the Parties as follows:

1. Upon approval of this Stipulation, the Lease shall be deemed rejected and the Premises and its contents shall be deemed abandoned to the Landlord.

2. The Landlord shall have an allowed general unsecured claim against the Debtor's estate in the amount of $73,144.91 ("Allowed Claim"), representing rejection damages of one year's rent of $73,299.40 under the Lease (capped pursuant to section 502(b)(6) of the Bankruptcy Code) ("Rejection Damages Claim") minus the $21,869.93 Security Deposit (which Landlord is authorized to retain and apply against the Rejection Damages Claim, as opposed to against the Arrears), plus the $21,715.44 of Arrears. Landlord shall file a proof of claim for the Allowed Claim within 30 days of the Bankruptcy Court's approval of this Stipulation, which Allowed Claim may also include any additional unsecured amounts, including amounts incurred with respect to removal of abandoned property, property damage, or in connection with re-letting the Premises.

3. The Landlord waives any and all post-Petition Date claims against the Debtor's estate and the sole claim against the Debtor's estate is the Allowed Claim.

4. Notwithstanding the foregoing waivers, the Landlord expressly retains any and all other claims it may have against any third parties under the terms of the Lease and any related Agreements (e.g., a personal guaranty of the Lease), which claims shall not be limited by such waivers or the cap imposed by section 502(b)(6) of the Bankruptcy Code and/or the amount of the claim allowed pursuant to this Stipulation.

5. Within two (2) business days of the Landlord's and the Trustee's execution of this Stipulation, the Trustee shall turn over keys and any alarm security codes to the Premises (as well all combinations to any safes) to the Landlord or the Landlord's agent.

6. This Stipulation shall be effective upon entry of an Order of the Bankruptcy Court approving this Stipulation.

7. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and shall be binding on any party executing this Stipulation, all of which shall constitute one and the same document. Signatures delivered by electronic mail or facsimile shall have the same force and effect as those original signatures.

8. This Stipulation shall be governed by and construed under applicable federal law and/or the laws of the State of New York.

9. This Stipulation may not be amended or modified other than in writing executed by or on behalf of the Trustee and the Landlord.

10. This Stipulation sets forth the entire agreement between the Trustee and the Landlord, and fully supersedes any and all prior agreements and understandings, written or oral, between the Trustee and the Landlord pertaining to the subject matter hereof.

11. This Stipulation shall be binding upon the Trustee and the Landlord, their respective heirs, executors, successors, administrators and assigns.

12. This Stipulation is contingent upon approval of the Bankruptcy Court.

13. The Bankruptcy Court may retain jurisdiction to determine any dispute which may arise under the terms of this Stipulation.

Dated: September 3, 2019
       Wantagh, New York

       *s/ Holly R. Holecek*
       Holly R. Holecek, Esq.
       LaMonica Herbst & Maniscalco, LLP
       *Counsel to Salvatore LaMonica, as Trustee*
       3305 Jerusalem Avenue
       Wantagh, New York 11793
       Telephone: (516) 826-6500

Dated: September 3, 2019
       New York, New York

       *s/ David M. Banker*
       David M. Banker, Esq.
       Montgomery McCracken Walker & Rhoads LLP
       *Counsel to Realties 1430*
       437 Madison Avenue
       New York, New York 10022
       Telephone: (212) 551-7759

IT IS SO ORDERED.

Dated: September ___, 2019
       New York, New York

       _____
       Honorable Stuart M. Bernstein
       United States Bankruptcy Judge