**Hearing Date: December 5, 2019, at 10:00 a.m.**

**CANELAW LLP**
200 Park Avenue
New York, New York 10166
212-627-7000
Peter Cane
peter@canelaw.com

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**
299 Park Avenue, 16th Floor
New York, New York 10171
212-888-3033
Alec P. Ostrow
aostrow@beckerglynn.com

*Attorneys for Peter Field, Troy Smith, and Samuel Claussen*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ONLINE DIAMONDS INTERNATIONAL CORP., d/b/a, Enchanted Diamonds, d/b/a Enchanteddiamonds.com,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-12042 (SMB) |

**JOINT OBJECTION BY PETER FIELD, TROY SMITH, AND SAMUEL CLAUSSEN
TO TRUSTEE'S MOTION FOR AUTHORITY TO SELL CERTAIN PERSONAL
<u>PROPERTY FREE AND CLEAR OF CLAIMS AND INTERESTS</u>**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

The joint objection (the "Joint Objection") of Peter Field, Troy Smith, and Samuel

Claussen (the "Objectors") to the motion of Salvatore LaMonica (the "Trustee") as trustee of the

estate of Online Diamonds International Corp., d/b/a Enchanted Diamonds, d/b/a

Enchanteddiamonds.com (the "Debtor"), seeking the entry of an order: (i) authorizing the

Trustee to sell certain personal property of the Debtor by public auction sale; (ii) approving the

*378433v1*

terms and conditions of sale and noticing procedures for the auction sale; (iii) approving the sale of personal property free and clear of all liens, claims and encumbrances, security interests and other interests (if any) to the successful bidder(s) at the auction sale, which any such liens and encumbrances, security interests and other interests to attach to the proceeds of sale; and (iv) granting the Trustee such other and further relief as is just (the "Sale Motion") [ECF Doc. No. 31], respectfully sets forth and represents:

## Introduction

1. Prior to the filing of its chapter 7 petition (the "Petition") on June 20, 2019, the Debtor was engaged in business as a seller of diamonds direct to consumers through an on-line platform. The Debtor would display diamonds on its website for purchase by consumers. Consumers would place orders with the Debtor and in most cases, would send the Debtor the purchase price for the diamonds via check, wire transfer, or credit card, and then await receipt of their diamonds, which the Debtor agreed to ship directly to the consumers.

2. The Objectors are individual customers who have paid for but did not receive the diamonds they purchased from the Debtor. By this Joint Objection, the Objectors seek to prevent the Trustee from selling the diamonds that they have purchased and have been (i) specifically identified in the Trustee's inventory of sale items by matching the report number assigned by the Gemological Institute of America, Inc. (the "GIA Number"), (ii) acknowledged to be in the possession of the Trustee, or (iii) described in the Trustee's inventory of sale items with descriptions strongly resembling the purchased diamonds.

## Property Interests of the Objectors

3. The Sale Motion assumes that the items proposed to be sold by the Trustee belonged to the Debtor, and therefore now belong to the bankruptcy estate. The Objectors

378433v1

2

respectfully submit that such assumption is invalid with respect to the items that they had purchased.

4. Under article 2 of the New York Uniform Commercial Code, a buyer has "a special property and insurable interest in goods by identification of existing goods as goods to which the contract refers." N.Y.U.C.C. § 2-501(1). This identification "can be made at any time and in any manner explicitly agreed to by the parties." *Id.*

5. This special property interest matures into a right of recovery of the identified goods upon paying or tendering the balance of the unpaid portion of the purchase price, "in the case of goods bought for personal, family, or household purposes, the seller repudiates or fails to deliver as required by the contract." *Id.* § 2-502(1)(a). Moreover, the buyer of goods identified to the contract has a right of replevin, which in the case of "goods bought for personal, family, or household purposes," vests upon the acquisition of the special property interest even if the seller had not repudiated or failed to deliver. *Id.* § 2-716(3).

6. Since the goods at issue, the diamonds proposed to be sold, were obviously purchased for personal, family, or household purposes, and as set forth below, the Objectors have already paid the entire purchase price, their right of recovery depends solely on the identification of the goods to the contract.

7. Significantly, under article 2 of the New York Uniform Commercial Code, the property interests and remedies defined in article 2 "apply irrespective of title to the goods except where the provision [of article 2] refers to such title." *Id.* § 2-401. Therefore, to the extent that the Objectors had an enforceable right of recovery prior to the Debtor's Petition, then that right of recovery is enforceable in bankruptcy, since in situations in which a debtor has only legal title, but not a beneficial interest in property, the property of the estate excludes "any

equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d); *see Sanyo Elec., Inc. v. Howard's Appliance Corp. (In re Howard's Appliance Corp.)*, 874 F.2d 88, 93 (2d Cir. 1989) ("The existence and nature of a debtor's interest, and correspondingly the estate's interest, in property is determined by state law."); *cf. Koreag, Controle et Revision S.A. v. Refco F/X Assocs. (In re Koreag, Controle et Revision S.A.)*, 961 F.2d 341, 348-56 (2d Cir. 1992) (in case under former 11 U.S.C. § 304, bankruptcy court required to determine ownership of certain property, including rights under article 2 of the U.C.C., prior to entrusting it to the foreign representative of a foreign proceeding).

## Peter Field

8.   On May 15, 2019, Peter Field received a confirmation from the Debtor for order number 5675, consisting of three diamonds, for a total of $21,070. A copy of this confirmation is annexed hereto as Exhibit A. In an email sent on June 7, 2019, Alexa Leon, an employee of the Debtor acknowledged that his payment had cleared two days prior to the date of the email. A copy of the relevant email thread is annexed hereto as Exhibit B. On July 1, 2019, claim no. 8 was filed with this Court on behalf of Peter Field in the amount of $21,070.00, of which $3,025.00 was designated as entitled to priority under 11 U.S.C. § 507(a)(7).

9.   Peter Field has not received any of the three diamonds that he purchased from the Debtor.

10.  Of relevance to the Sale Motion is that the second of the three diamonds purchased by Peter Field, as set forth in the confirmation attached as Exhibit A, is described as a "Loose GIA Certified Cushion/0.51 Ct. Cushion" with a GIA Number of 3265110206. That is the same GIA Number for item 26 in the Trustee's inventory, which is also described as a ".51 Carat E/VS2 Diamond."

11. In light of the matching GIA Numbers, it is clear that item 26 in the Trustee's inventory has been identified to Peter Field's contract. Since he paid the purchase price prior to the Petition, he has a special property interest in item 26, including a right to recover it. Consequently, the estate at best has bare legal title, but no beneficial interest. The Court should direct the Trustee to remove item 26 from the sale.[1]

### Troy Smith

12. Prior to the Petition, Troy Smith purchased an engagement ring from the Debtor, but returned it having been promised a full refund. As of the Petition, he had not received his promised refund.

13. On July 31, 2019, counsel for Troy Smith sent an email to counsel for the Trustee inquiring whether the Trustee had in his possession the diamond that had been purchased by Troy Smith, identified by GIA Number 2297163630.

14. On August 13, 2019, counsel for the Trustee sent an email to counsel for Troy Smith responding to the inquiry, stating: "The diamond associated with Troy Smith is part of the inventory. The Debtor's records reflect that the debtor mailed Troy Smith his diamond ring on 5/24/19, and that on 5/28/19, Troy requested a refund due to a broken engagement. The ring was received back in the office on or about 5/29/19." A copy of this email is attached hereto as Exhibit C.

15. Since August 2019, counsel for Troy Smith has communicated on several occasions with counsel for the Trustee requesting that the ring be returned to Troy Smith. Since

---

[1] On November 20, 2019, counsel for Peter Field sent an email to counsel for the Trustee providing the confirmation annexed as Exhibit A and requesting that item 26 be removed from the sale. A follow-up email was sent on November 22, 2019. As of the date of this Joint Objection, there has been no response to these emails on behalf of the Trustee.

378433v1

5

the filing of the Sale Motion, counsel for Troy Smith has communicated on several occasions with counsel for the Trustee requesting that the Trustee confirm that the ring purchased by Troy Smith is not among the items proposed to be sold in accordance with the Sale Motion. As of the date of this Joint Objection, no such confirmation has been received.

16. Although the Trustee's inventory of sale items does not list a diamond with a GIA Number that matches the one purchased by Troy Smith, not every item on the Trustee's inventory has a stated GIA Number. This Court should direct that the diamond purchased by Troy Smith, identified by GIA Number 229716363, be excluded from the sale.

### Samuel Claussen

17. On April 25, 2019, Samuel Claussen received a confirmation from the Debtor for order number 5569, consisting of a 3.33 carat diamond and platinum custom ring, for a total of $35,310. A copy of this confirmation from the Debtor is annexed hereto as Exhibit D. On April 30, 2019, he received confirmation that a wire transfer from his account at Charles Schwab to the Debtor in the amount of $35,310 had been completed. A copy of this confirmation from Charles Schwab is annexed hereto as Exhibit E. On August 13, 2019, claim no. 41 was filed with this Court on behalf of Samuel Claussen in the amount of $35,310.00, of which $3,025.00 was designated as entitled to priority under 11 U.S.C. § 507(a)(7).

18. Samuel Claussen has not received either of the items that he purchased from the Debtor.

19. Of relevance to the Sale Motion is that the description of item 38 in the Trustee's inventory for sale, "18K Yellow Gold / Platinum Band," matches a platinum ring that Samuel Claussen purchased, which is pictured in a rendition of the ring that was sent to him by the

378433v1

6

Debtor in an email dated May 6, 2019. A copy of the email with the rendition of the ring is attached as Exhibit F.

20. On November 1, 2019, counsel for Samuel Claussen sent an email to counsel for the Trustee with a copy of the rendition attached as Exhibit F and a request that the Trustee compare the picture of the ring with item 38 in the Trustee's inventory for sale, and send counsel for Samuel Claussen a photo of item 38 to send to Mr. Claussen for his review. Follow-up emails were sent to counsel for the Trustee on November 20, 2019, and November 22, 2019. As of the date of this Joint Objection, there has been no response to this request on behalf of the Trustee.

21. In light of the unresponded-to inquiries and in the absence of evidence to the contrary, the Court may infer that item 38 matches the rendition of the ring purchased by Samuel Claussen, and thus has been identified to his contract. Consequently, the estate at best has bare legal title, but no beneficial interest. The Court should direct the Trustee to remove item 38 from the sale.

### **Alternatively, the Court Should Condition the Sale to Provide Adequate Protection**

22. The Objectors contend that the estate lacks a beneficial interest in the property identified to their contracts, and therefore the Trustee has no right to sell it. In the alternative, if the Court considers that the property interests of the Objectors is subject to a bona fide dispute, *see* 11 U.S.C. § 363(f)(4); then the Objectors request that the Court prohibit or condition the sale of such property to the extent necessary to provide the Objectors with adequate protection of their interests. *Id.* § 363(e). The Trustee has the burden of proof on the issue of adequate protection. *Id.* § 363(p)(1).

378433v1

23. The Sale Motion proposes that any necessary adequate protection take the form of having the interests attach the proceeds of sale. This is the conventional adequate protection for a lien. But the Objectors' interests are not liens. *See* N.Y.U.C.C. § 1-201(35) (the definition "security interest" excludes the "special property interest of a buyer of goods on identification to a contract for sale"). Consequently, their interests should not be limited to the proceeds of auction sale no matter how small. It is respectfully submitted that the appropriate adequate protection is to provide them with the "indubitable equivalent" of their interests. *See* 11 U.S.C. § 361(3). In this case, in the absence of surrendering the property to them, providing the indubitable equivalent would be to set a minimum auction price in the amount of the Objector's purchase price and to require that the Objector be permitted to match the proposed auction price prior to the consummation to the bidder at the auction sale, *cf. id.* § 363(i) (statutory right to match for a debtor's spouse or co-owned of estate property sold pursuant to § 363(g) or (h)).

**WHEREFORE,** the Objectors respectfully request that the Court direct that the items that have been identified to their contracts be excluded from the sale; or in the alternative, that the Court condition the sale of such items by requiring a minimum price in the amount of the Objector's purchase price for such items with the Objector's interest to attach to such purchase price, and by requiring that the Objector be permitted to match the proposed price prior to the consummation of the sale to a bidder at the auction; and that the Court grant the Objectors such other and further relief as is just.

Dated: New York, New York
November 26, 2019

                                              **CANELAW LLP**
200 Park Avenue
New York, New York 10166
212-627-7000
Peter Cane
peter@canelaw.com

378433v1

**BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP**

By: */s/ Alec P. Ostrow*
     Alec P. Ostrow
     299 Park Avenue, 16th Floor
     New York, New York 10171
     212-888-3033
     aostrow@beckerglynn.com

*Attorneys for Peter Field, Troy Smith, and Samuel Claussen*

378433v1